IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SANDRA KAY SHAFER, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-09-474-RAW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Sandra Kay Shafer (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 11, 1954 and was 53 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cashier, medical clerical worker, housekeeper, and nurse's aide. Claimant alleges

an inability to work beginning January 1, 2001, due to limitations resulting from degenerative disc disease and depression.

## Procedural History

On January 20, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 30, 2008, an administrative hearing was held before ALJ David W. Engel in Tulsa, Oklahoma. On February 27, 2008, the ALJ issued an unfavorable decision on Claimant's application. On October 29, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full her past relevant work as a cashier, clerical worker, and housekeeper. The ALJ also found Claimant could perform a full range of light work with limitations at step five.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to discuss Claimant's treating physician's Attending Source Statements; (2) failing to include all of Claimant's impairments in his RFC assessment; and (3) engaged in a faulty credibility analysis.

**Treating Physician's Opinion**

On April 18, 2006, Dr. Rick Robbins, Claimant's treating physician, completed an Attending Physician's Statement on Claimant "as of December 31, 2003." Dr. Robbins states that he first treated Claimant on March 8, 2004. He diagnosed Claimant with degenerative disc disease at L5 and S1. He estimates that Claimant's symptoms are severe enough to interfere with attention and concentration and to affect his ability to tolerate work stress. According to Dr. Robbins, Claimant's condition will require him to take unscheduled breaks, will likely produce good days and bad days, and will require Claimant to be absent from work more than four days per month. Dr. Robbins does not anticipate a fundamental or marked change for the better in Claimant's condition. He considers Claimant's pain to be moderate. (Tr. 628).

On November 13, 2006, Dr. Christopher G. Covington evaluated

Claimant. He found she suffers from a herniated nucleus pulposus at L4-L5 and L5-S1, degenerative disc disease at L2-L3, L3-L4, L4-L5, and L5-S1, and facet arthropathy at L4-L5. (Tr. 614). In November of 2006, however, Claimant underwent a posterior lumbar interbody fusion and posterolateral at L4-L5 and L5-S1 due to her experiencing severe back pain with accompanying leg pain which was unresponsive to medication. (Tr. 448).

The ALJ determined Claimant suffered from the severe impairments of degenerative disc disease and depression. (Tr. 12). With regard to his RFC assessment, the ALJ found

> [Claimant] is able to perform a full range of light and sedentary exertion work only. She is able to climb ropes, ladders, and scaffolds, and is unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. She is able to understand, remember, and carry out simple to moderately detailed instructions in a work-related setting, and is able to interact with co-workers and supervisors, under routine supervision. She is afflicted with symptoms fro a variety of sources to include moderate chronic intermittent pain and fatigue, and allied disorders, all variously described, that are of sufficient severity so as to be noticeable to her at all times, but nevertheless is able to remain attentive and responsive in a work setting and would be able to perform work assignments within the above-cited limitations.

(Tr. 13).

The ALJ discussed Claimant's testimony that there are no treatment records prior to March of 2004 because she just lived

6

with the pain and thought it would go away. The pain, however, continued to worsen. (Tr. 14).

The ALJ did not discuss Dr. Robbins Attending Physician's Statement at all in his decision. Indeed, Dr. Robbins' name does not appear. From all indications, he was Claimant's treating physician close to the time of her date of last insured status. He was willing to execute a statement with retroactive findings, some three months prior to his date of first treatment. The ALJ was obligated to consider the statement and make further inquiry into its bases for the conclusions Dr. Robbins draws.

In evaluating the opinions of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still

7

entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

On remand, the ALJ shall consider Dr. Robbins' statement and the weight it should be afforded. The ALJ may also consider its reliability based upon the manner in which it offers an opinion in retrospect.

### RFC Assessment

Claimant also contends the climbing of ropes, ladders, scaffolds should not have been included in the RFC. A review of the hearing transcript would seem to indicate the ALJ's decision has a typographical error and the opinion should have stated Claimant could **not** climb these devices. (Tr. 49). On remand, the ALJ shall re-evaluate the decision as written and correct any errors in this regard.

### Credibility Determination

Claimant contends the ALJ discounted her credibility based, in part, upon a finding that no treating physician had placed any limitations on her activities which would preclude work activity. If Dr. Robbins' statement is considered, it does indeed place such limits upon Claimant's ability to work. The ALJ shall reconsider his credibility findings after considering the impact of Dr. Robbins' statement upon his RFC determination.

### Conclusion

The decision of the Commissioner is not supported by

substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE